# IN THE UNITED STATES DISTRCT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| CARL RICHARDSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ANTONIO JOHNSON, ) <br> DANIELLE MASSEY, ) <br> JANE DOE, JOHN DOE, XYZ CORP, ) <br> And ABC CORP, ) <br> ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> FILE NO: |

## COMPLAINT FOR DAMAGES

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Carl Richardson resides at 509 Cedar Avenue Southwest Rome, GA 30161 and submits to the jurisdiction and venue of this court.

2.

This is an action against The Department of Justice ("DOJ"), The US Department of Veteran Affairs ("VA") and the United States of America ("United

1

States"), Antonio Johnson and Danielle Massey for personal injuries brought pursuant to 28 U.S.C. § 2675, 38 U.S.C. § 1151, and 38 C.F.R. 14.514 et seq.

3.

The Plaintiffs' claims against the United States are based on the negligent acts and omissions of Antonio Johnson, an employee of the United States, DOJ, and/or The US Department of Veterans Affairs, who was acting within the course and scope of his employment with the United States at the time of the events described herein under such circumstances that the United States, if a private person, would be liable and vicariously liable to the Plaintiffs in accordance with the laws of the State of Georgia, the place where the negligent acts and omissions occurred.

4.

The United States District Court for the Northern District of Georgia, Atlanta Division, has subject matter jurisdiction in this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1), in that the claims alleged herein arise under the Federal Tort Claim Act and involve federal questions, and thus these questions are addressed to the exclusive jurisdiction of the United States District Courts.

5.

Venue as to The United States of America is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28

U.S.C. § 1402(b), because all acts, omissions, and acts of negligence alleged herein occurred in Cherokee County, Georgia, within the Northern District of Georgia, Atlanta Division.

6.

Venue as to the DOJ is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391 because all acts, omissions, and acts of negligence alleged herein occurred in Cherokee County, Georgia, within the Northern District of Georgia, Atlanta Division.

7.

Venue as to the US Department of Veterans Affairs is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391 because all acts, omissions, and acts of negligence alleged herein occurred in Cherokee County, Georgia, within the Northern District of Georgia, Atlanta Division.

8.

Jurisdiction is proper as to Defendant Johnson, as Defendant Johnson is a resident of the State of Georgia.

9.

Venue is proper as to Defendant Johnson because the tortious act he committed occurred in Cherokee County, Georgia. Defendant may be served with a copy of this Complaint and Summons at 1841 Carriage Brook Trace, Dacula, GA 30019.

10.

Jurisdiction is proper as to Defendant Danielle Massey, as Defendant Massey is a resident of the State of Georgia.

11.

Venue is proper as to Defendant Massey because the tortious act she committed occurred in Cherokee County, Georgia. Defendant may be served with a copy of this Complaint and Summons at 564 Windstone Trail, Alpharetta, GA 30004.

12.

Pursuant to FRCP 4(i), service of process upon the United States of America may be perfected by delivering a copy of the Summons and Complaint to the United States Attorney for the Northern District of Georgia, or by sending a copy of the Summons and Complaint by registered or certified mail addressed to the Civil Process Clerk at the office of the United States Attorney; and by also sending a copy

of the Summons and Complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

13.

Pursuant to FRCP 4(i)(2), service of process upon the DOJ, a United States agency, may be perfected by delivering a copy of the Summons and Complaint to the agency, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires.

14.

Pursuant to FRCP 4(i)(2), service of process upon the Defendant Antonio Johnson, a United States employee, sued in her official capacity, may be perfected by delivering a copy of the Summons and Complaint by registered or certified mail to Defendant Johnson.

**CONDITIONS PRECEDENT**

15.

The negligent acts and omissions giving rise to this Complaint occurred on September 4, 2018.

16.

Each Plaintiff timely and properly presented their Federal Tort Claim, Form 95, and supporting evidence of their claim to the DOJ, Civil Division, by certified letter dated January 15, 2019. The letter, Form 95, and supporting documentation and evidence of the claim were received at by the DOJ on January 3, 2019, all of which is shown by Exhibit A attached hereto.

17.

The VA acknowledged receipt of the Plaintiffs' Federal Tort Claim, Form 95, and supporting evidence by letter dated June 19, 2019, as shown by Exhibit B attached hereto.

16.

In a letter dated January 16, 2020 the VA denied the right to file suit on this claim.  In a letter dated January 28, 2020, Plaintiff requested reconsideration of the VA's denial.

17.

Despite receiving the Plaintiffs' Federal Tort Claim, Form 95, and supporting evidence, the VA failed to make final disposition of said claim.

18.

According to 28 U.S.C. § 2675, the failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

19.

Pursuant to 28 U.S.C. § 2675, Plaintiffs now file this suit based on the denial of their administrative tort claim which was forwarded to the VA.

20.

Plaintiff has fulfilled all conditions precedent for filing this suit and has properly exhausted all administrative remedies, and this Complaint is not barred by the statute of limitations or by any other statute, law, regulation, or rule of procedure.

**FACTS APPLICABLE TO ALL CLAIMS**

21.

On or about September 4, 2018, the date of his injuries, Plaintiff was a passenger in a 2013 Dodge Caravan, which was being operated by Defendant Johnson, a VA employee.

22.

On or about September 4, 2018, Defendant Johnson was driving northbound in the second to right lane on Bells Ferry Road in Cherokee County, Georgia.

23.

At approximately the same time, Defendant Danielle Massey was operating her vehicle, a 2012 Ford Focus, driving northbound in the far right lane on Bells Ferry Road in Cherokee County, Georgia.

24.

Defendant Johnson made an improper lane change and merged into the right lane of Bells Ferry Road. Defendant Johnson collided into Defendant Danielle Massey's vehicle.

25.

As a direct and proximate result of Defendant Johnson's and Defendant Massey's negligence, Plaintiff Carl Richardson sustained multiple injuries to his body, requiring extensive and subsequent medical treatment.

26.

The Plaintiff's claims against the United States is based on the negligent acts and omissions of Defendant Johnson, who was acting within the course and scope of his employment with the United States and the VA, a federal law agency within

the DOJ, at the time of the events described herein under such circumstances that the United States, if a private person, would be liable and vicariously liable to the Plaintiffs in accordance with the laws of the State of Georgia, the place where the negligent acts and omissions occurred.

### COUNT I – NEGLIGENCE AS TO DEFENDANT ANTONIO JOHNSON

Plaintiff hereby incorporates the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

27.

The automobile collision, described in Paragraphs 21-26, above constitute the basis for this cause of action. Plaintiff's injuries and damages, as set forth below were proximately caused by the negligent and careless conduct of Defendant in one or more of the following respects in failing to avoid the aforementioned automobile collision.

28.

Defendant Johnson owed Plaintiff a duty to obey the traffic laws of Georgia and to operate the vehicle with reasonable care.

29.

Defendant breached the duty owed to Plaintiff by failing to exercise due care and by failing to avoid the collision described in Paragraphs 1-26.

30.

As a direct and proximate result of the Defendant's negligence, Plaintiff sustained significant bodily injuries. Plaintiff has incurred and will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

31.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

32.

Plaintiff was without fault in causing the aforementioned incident.

### COUNT II– NEGLIGENCE PER SE AS TO DEFENDANT JOHNSON

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

33.

Defendant willfully, negligently, or otherwise failed to act as an ordinary prudent person in obeying the traffic laws and regulations of Georgia.

34.

Defendant violated O.C.G.A. §40-6-123(A), ("Improper Lane Change"), and was cited by responding Cherokee County officers for the violation.

35.

Defendant violated laws meant to protect innocent victims such as Plaintiff to protect unnecessary accidents and auto collisions such as the one in this action.

36.

As a direct result of Defendant's failure to abide by the traffic laws of Georgia, Plaintiff suffered serious physical, emotional, and financial damages.

37.

As a direct and proximate result of the Defendant's negligence, Plaintiff sustained significant bodily injuries. Plaintiff has incurred and will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

**COUNT III – NEGLIGENCE AS TO DEFENDANT DANIELLE MASSEY**

Plaintiff hereby incorporates the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

38.

The automobile collision, described in Paragraphs 21-26, above constitute the basis for this cause of action. Plaintiff's injuries and damages, as set forth below were proximately caused by the negligent and careless conduct of Defendant in one or more of the following respects in failing to avoid the aforementioned automobile

collision.

39.

Defendant Massey owed Plaintiff a duty to obey the traffic laws of Georgia and to operate the vehicle with reasonable care.

40.

Defendant breached the duty owed to Plaintiff by failing to exercise due care and by failing to avoid the collision described in Paragraphs 1-26.

41.

As a direct and proximate result of the Defendant's negligence, Plaintiff sustained significant bodily injuries. Plaintiff has incurred and will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

42.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

43.

Plaintiff was without fault in causing the aforementioned incident.

**C**OUNT **IV– N**EGLIGENCE **P**ER **S**E **A**S TO **D**EFENDANT **M**ASSEY

Plaintiff hereby incorporates by reference the allegations contained in this

Complaint for Damages and reasserts said allegations as if fully set forth herein.

44.

Defendant willfully, negligently, or otherwise failed to act as an ordinary prudent person in obeying the traffic laws and regulations of Georgia.

45.

Defendant violated O.C.G.A. §49-6-93, ("Drivers to Exercise Due Care").

46.

Defendant violated laws meant to protect innocent victims such as Plaintiff to protect unnecessary accidents and auto collisions such as the one in this action.

47.

As a direct result of Defendant's failure to abide by the traffic laws of Georgia, Plaintiff suffered serious physical, emotional, and financial damages.

48.

As a direct and proximate result of the Defendant's negligence, Plaintiff sustained significant bodily injuries. Plaintiff has incurred and will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

## COUNT V– RESPONDEAT SUPERIOR/VICARIOUS LIABILITY AS TO THE UNITED STATES OF AMERICA

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

49.

Defendant Johnson was an employee of the United States through the VA, and was acting within the course and scope of such employment on September 4, 2018, under such circumstances that the United States, if a private person, would be vicariously liable to the Plaintiffs in accordance with the laws of the State of Georgia, the place where the negligent acts and omissions occurred.

50.

The United States is vicariously liable to the Plaintiff for the negligence of Defendant Johnson on September 4, 2018.

51.

As such, the United States is liable to the Plaintiffs for damages for past pain and suffering, future pain and suffering, medical expenses, and other damages in an amount to be proven at trial, not to exceed $1,000,000 as set forth in the Plaintiffs' Form 95.

## COUNT VI– RESPONDEAT SUPERIOR/VICARIOUS LIABILITY AS TO THE VA

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

52.

Defendant Johnson was an employee of the VA, and was acting within the course and scope of such employment on September 4, 2018.

53.

The VA is vicariously liable to the Plaintiff for the negligence of Defendant Johnson on September 4, 2018.

54.

As such, the VA is liable to the Plaintiffs for damages for past pain and suffering, future pain and suffering, medical expenses, and other damages in an amount to be proven at trial, not to exceed $1,000,000 as set forth in the Plaintiffs' Form 95.

## COUNT VII– RESPONDEAT SUPERIOR/VICARIOUS LIABILITY AS TO THE DOJ

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

55.

Defendant Johnson was an employee of the DOJ, and was acting within the course and scope of such employment on September 4, 2018.

56.

The DOJ is vicariously liable to the Plaintiff for the negligence of Defendant Johnson on September 4, 2018.

57.

As such, the DOJ is liable to the Plaintiffs for damages for past pain and suffering, future pain and suffering, medical expenses, and other damages in an amount to be proven at trial, not to exceed $1,000,000 as set forth in the Plaintiffs' Form 95.

**WHEREFORE**, the Plaintiff prays:

1. That Defendants be served with summons, process and a copy of this Complaint as provided by law;

2. That service be had upon the Defendants as provided by law;

3. That Plaintiff obtain judgment against the Defendants for general and special damages as determined at trial as well as costs of litigation and expenses;

4. That the Plaintiff be granted a trial by jury as to all triable issues in this cause;

5.   That the Plaintiff receive the cost of this action and interest; and

6.   For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

This 19th day of August, 2020.

                                        **HAUG LAW GROUP, LLC**

                                        */s/ William T. Joyner*
                                        William T. "Billy" Joyner
                                        Georgia Bar No.: 222755
                                        *Attorney for Plaintiff*

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 470-258-1322
Fax: 678-528-2999
Email: wjoyner@hauglawgroup.com

## CERTIFICATE OF SERVICE

I certify that on the date set forth below, I electronically filed the within and foregoing **Complaint for Damages** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

William A. Hudson
Office of General Counsel
The U.S. Department of Veterans Affairs
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420


United States Attorney for the Northern District of Georgia
75 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Suite 600
Atlanta, Georgia 30303

U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

This 19th day of August, 2020.

                                        **HAUG LAW GROUP, LLC**

                                        */s/ William T. Joyner*
                                        William T. "Billy" Joyner
                                        Georgia Bar No.: 222755
                                        *Attorney for Plaintiff*

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 470-258-1322
Fax: 678-528-2999
Email: wjoyner@hauglawgroup.com